UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ORLANDO & MARY KAY REDDITT, | ) | Case No. 05-59911-293 |
| | ) | Chapter 7 |
| | ) | Motion No. 19 |
| Debtors. | ) | |

## MEMORANDUM OPINION

This case is before the Court on Trustee's objection to Debtor's attempt to exempt an unliquidated personal injury claim from her bankruptcy estate. Because the claim at issue was exempt from execution or attachment under Missouri law as of the petition date, the Court will overrule Trustee's objection.

## JURISDICTION AND VENUE

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§1334, 151, and 157 and Local Rule 9.01 (B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(B), which the Court may hear and determine. Venue is proper in this District under 28 U.S.C. §1409(a).

## FINDINGS OF FACT

The parties submitted this dispute on the pleadings. The relevant facts are not in dispute. Debtor, Mary Kay Redditt, filed suit in the Circuit Court of St. Louis County on August 26, 2005 against Barnes-Jewish Hospital West for injuries she allegedly sustained in a fall on its property. (the "State Court Action"). Debtor and her husband filed a joint petition for relief under Chapter 7 of the Bankruptcy Code on October 15, 2005. As of the petition date, Debtor's claim in the State Court Action was unliquidated.

Debtor listed the State Court Action as an exempt asset on her Schedule C. Trustee then filed the instant objection to Debtor's claim of exemption. The Trustee maintains in his objection that only the portion of her claim relating to the damage to Debtor's person, such as pain and suffering, is exempt under Missouri law. The Court finds that because Debtor could not have assigned any portion of her claim in the State Court Action to Trustee as of the petition date, the State Court Action is exempt in its entirety under Missouri law.

## **FINDINGS OF LAW**

The Bankruptcy Code allows states to "opt out" of the Code's exemption scheme and instead require debtors domiciled in the state to utilize that state's and non-Code federal exemptions. 11 U.S.C. §522(b)(1). The Missouri Legislature has exercised this option and debtors domiciled in Missouri may only exempt property

from their bankruptcy estate that is "exempt from execution and attachment" under Missouri law or federal law other than the Bankruptcy Code. Mo. Rev. Stat. §517.427.

There is no dispute that Debtor is domiciled in Missouri so that she may only exempt property from her bankruptcy estate that is exempt from execution or attachment under Missouri law or non-Code federal law. The issue in dispute here is whether the State Court Action is an asset that is exempt from execution or attachment under Missouri law. Also, when determining whether the State Court Action was exempt property under Missouri law, the Court must examine the relevant facts as of the petition date. Armstrong v. Patterson (In re Patterson), 897 F.2d 935, 937 (8th Cir. 1990).

Missouri courts have held that any claim that is not assignable is exempt from execution and attachment. Asmus v. Capital Region Family Practice, 115 S.W.3d 427, 431 (Mo. Ct. App. 2003). Additionally, under Missouri law, the assignment of an unliquidated personal injury claim is void as against public policy and, therefore, such claims are generally exempt from execution and attachment. Id. The assignment of an unliquidated claim for property damage, however, is valid under Missouri law. State ex. rel. Parker Nat'l Bank v. Globe Indemn. Co., 61 S.W.2d 733, 735-36 (Mo. 1933).

3

Here, there is no dispute that the State Court Action was an unliquidated personal injury claim as of the petition date. Trustee argues, however, that the Court should divide Debtor's damages into two components: (1) the damages relating to her person, such as pain and suffering; and (2) the damages relating to her property, such as lost wages and medical bills. Trustee further contends that once the damages are separated into its personal and property components, only the portion of the claim relating to the damage to Debtor's person is exempt.

The Court notes that it has previously adopted Trustee's position in three published opinions. See In re Kininson, 177 B.R. 632, 635 (Bankr. E.D. Mo. 1995); In re Barnes, 177 B.R. 635, 638 (Bankr. E.D. Mo. 1995); In re Shazad, 147 B.R. 34, 37 (Bankr. E.D. Mo. 1992). Judge Federman in the Western District of Missouri, however, has recently rejected this line of cases as inconsistent with well established Missouri case law. In re Williams, 293 B.R. 769, 775 (Bankr. W.D. Mo. 2004). The Court has come to the conclusion that Judge Federman's analysis is correct and therefore shall reverse its own previous rulings.

Missouri courts have long held that a negligence cause of action that gives rise to an injury to the person may not be split into different causes of action for different items of damage. See Chuning v. Calvert, 452 S.W.2d 580, 584 (Mo. Ct. App. 1970) (citations omitted). Rather, all the items of damage in a personal injury cause of

4

action flow from and are an integral part of a single personal tort. Id. Thus, all of the items of damage in a personal injury tort action are an integrated whole and may not be split into personal and property components. Id. Accordingly, the assignment of any portion of an unliquidated personal injury tort claim, including property damage, is void under Missouri law as against public policy. Id. at 584-85. Therefore, as Judge Federman held in Williams, the entire portion of an unliquidated personal injury tort claim is exempt from a debtor's bankruptcy estate under Missouri law. Williams, 293 B.R. at 777; accord Lehman v. United Parcel Serv., Inc., 443 F.Supp.2d 1146, 1154 (W.D. Mo. 2006).

      Trustee also relies on an unpublished opinion from another judge within this District to support his argument that the Court should split the damages contained in the State Court Action into personal and property components. See In re Parker, Case No. 05-46686 (Bankr. E.D. Mo. November 28, 2005). The Parker decision relies on a line of cases beginning with Gen. Exch. Ins. Corp. v. Young, 212 S.W.2d 396 (Mo. 1948) to hold that a court may segregate the damages in a personal injury tort claim into personal and property components for policy reasons. The Young decision, however, only creates an exception to the general rule against splitting damages in very narrow circumstances.

5

In Young, the insurance company paid the insured injured person for the property damage to her car after a car accident. Id. at 397. The insured, in exchange for the insurer's payment to repair her car, assigned her interest in the property damage claim to the insurer. Id. at 400. The insurer then brought a cause of action in its own right against the third-party tort feasor. The issue before the Missouri Supreme Court was whether the insurer possessed a valid cause of action against the third-party tort feasor. The Supreme Court answered in the positive and held that the insured validly assigned her interest in the property damage claim to the insurance company. Id. The Supreme Court, however, limited its holding in Young to a small universe of cases.

The Supreme Court noted the general no splitting of damages rule, but held that the specific facts of the case dictated a different result. Id. Specifically, the Court noted that as soon as the insurer paid the insured's property damage claim under the insurance policy, the insurer's subrogation rights fully and absolutely vested. Id. at 401. Thus, it was the insurance company, not the injured party, who was the real party in interest in maintaining a cause of action for the damage to the car. Id. The Court further opined that its holding was simply a recognition that once the insurance company's subrogation rights fully vested, it was the only real party in interest to pursue the property damage claim. Id.

The Court does not believe that the Missouri Supreme Court's holding in <u>Young</u> is broad enough to allow the Court to find a general bankruptcy policy exception to the no damage splitting rule. As just discussed, the <u>Young</u> decision is very fact specific and premised on a finding that an insurance company's subrogation rights under a policy of insurance has fully vested. In fact, the Supreme Court explicitly stated in <u>Young</u> that its conclusion would have been different had the insurance company not had a contractual right to the property in question. <u>Id</u>. at 400.

Thus, every case that has applied <u>Young</u> has been a case where the subrogation rights of an insurance company has fully vested by payment to the insured on the insurance policy. <u>See</u> <u>e.g.</u> <u>Steele v. Goosen</u>, 329 S.W.2d 703, 711 (Mo. 1959); <u>Holt v. Meyers</u>, 494 S.W.2d 430, 439 (Mo. Ct. App. 1973). In fact, the Missouri Court of Appeals has held that <u>Young</u> has no application outside of those cases where the assignee's subrogation rights have fully vested. <u>Hubbard v. United States Fidelty & Guar. Co.</u>, 430 S.W.2d 607, 610 (Mo. Ct. App. 1968).

Given this case law, the Court finds that Missouri law does not allow a claimant to split her damages stemming from a personal injury tort claim into personal and property components outside the limited circumstance where the claimant's assignee's subrogation rights have fully vested. Accordingly, Debtor could not have split her damages contained in the pending State Court Action into personal and property

7

components and assigned the property damages to Trustee as of the petition date under Missouri law. Debtor, therefore, had no right under Missouri law to assign any portion of the State Court Action to Trustee on the petition date. Thus, the State Court Action is exempt in its entirety from Debtor's bankruptcy estate under 11 U.S.C. §522(b) and the Court will overrule Trustee's objection.

An Order consistent with this Memorandum Opinion will be entered this date.


DATED: October 27, 2006

St. Louis, Missouri

_____
David P. McDonald
United States Bankruptcy Judge

Copy mailed to:

Orlando Redditt
Mary Kay Reddit
11655 Old Halls Ferry
Florissant, MO 63033

Alice M. Treumann
The Bankruptcy Company
1600 South Brentwood, Suite 725
St. Louis, MO 63144

Brian James LaFlamme
Summers, Compton, Wells & Hamburg
8909 Ladue Road
St. Louis, MO 63124

Office of U.S. Trustee
111 South Tenth Street
Suite 6353
St. Louis, MO 63102